IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. IV) | : | Consolidated Under MDL DOCKET NO. 875 |
| DORSEY L. BOHANNON | : | E.D. PA Civil Action No. 09-cv-74483 |
| v. | : | |
| CSX TRANSPORTATION | : | Transferor Court: GA-S 08-00010 |

FILED
NOV 30 2010
M:C........, Clerk
By_____Dep. Clerk

## MEMORANDUM

M. Faith Angell  November 29, 2010
United States Magistrate Judge

In this case, it is undisputed that Plaintiff did not provide expert opinions to Defendant Ford until after this Defendant filed a motion for summary judgment arguing that Plaintiff had failed to produce any expert opinion on the issue of causation. *See Plaintiff's Response in Opposition to Defendant Ford's Motion for Summary Judgment* [Doc. 12] at p.1. Presently before this Court is Defendant Ford's motion to exclude the expert testimony of Dr. Arthur Frank and Dr. Barry Castleman, and its motion for summary judgment based on upon Plaintiff's failure to timely produce expert opinion on causation.

In support of its motion to exclude expert testimony, Defendant Ford argues that the expert reports of Dr. Frank and Dr. Castleman are untimely and they do not comply with F.R.C.P. 26(a)(2)(B). Concerns about whether Dr. Frank and Dr. Castleman's reports comply with F.R.C.P.26(a)(2)(B) and the *Daubert* standards may be raised after these witnesses have been deposed and have had an opportunity to supplement the information provided in their written reports.

F.R.C.P. 37(c)(1) provides for the exclusion of evidence as a sanction for certain discovery violations, including untimely evidence. The Third Circuit has recognized that the exclusion of evidence on this basis is an "extreme sanction" that is not normally imposed "absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Canterna v. United States*, 319 Fed. Appx. 93, 98 (3d Cir. 2008)(quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)).

In considering whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery obligations, the Court must consider the following factors:

> "(1) the prejudice or surprise in fact of the party against whom the [evidence is offered], (2) the ability of the party to cure the prejudice, (3) the extent to which [allowing the late-offered evidence] would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order."

*Id.*[1]

Applying these factors to this case, I find that striking the expert testimony as a sanction for Plaintiff's failure to timely provide Dr. Frank and Dr. Castleman's reports is not justified. Under the present circumstances, the second and third factors weigh against exclusion of evidence. To the extent that the late disclosure of these expert reports potentially prejudices Defendant Ford, I will give this Defendant an opportunity to depose these witnesses and thereafter to file *Daubert* challenges, if appropriate. As this case is still in the pretrial process and I have been willing to extend various pretrial deadlines, Plaintiff's untimely disclosure has not materially impeded the progress of this case. Also weighing against the exclusion sanction is the lack of bad faith or willfulness on the part of Plaintiff. Given the fact that Plaintiff's Counsel

---

[1] I will refer to these factors as the "*Meyers*" factors.

has filed hundreds of MDL asbestos cases against a variety of defendants, overlapping in some cases and not others, there has been confusion as to which cases are subject to which scheduling orders and which defendants each individual Plaintiff is proceeding against. In his response to Defendant Ford's motion for summary judgment, Plaintiff represents that Dr. Frank's expert report was produced to the main defendant in this case on March 3, 2010, but not on Defendant Ford. I find that Plaintiff's late disclosure was inadvertent and not willful disregard of a Court order. On balance, the *Meyers* factors warrant rejection of the exclusion sanction.

Although I conclude that Dr. Frank and Dr. Castleman's expert testimony will not be excluded, I believe that Plaintiff does bear responsibility for the consequences of his late expert disclosure. Defendant Ford was fully justified in moving for summary judgment based on the lack of expert testimony to support causation, and in later filing a challenge to the late disclosure of Plaintiff's expert reports. Under these circumstances, I will require Plaintiff to pay for reasonable fees and expenses incurred by Defendant Ford in filing its motion for summary judgment and its motion to exclude expert testimony.

An appropriate Order is attached.

BY THE COURT:

Date: 11-29-2010
By Fax and/or Mail: See the Attached List

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE